UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
ALLSTATE INSURANCE COMPANY, ALLSTATE
INDEMNITY COMPANY, ALLSTATE PROPERTY
& CASUALTY INSURANCE COMPANY,
ALLSTATE NEW JERSEY INSURANCE COMPANY,
and DEERBROOK INSURANCE COMPANY,

      Plaintiffs,

   -against-

ARTHUR BOGORAZ, AVIYON MEDICAL
REHABILITATION, LLC, PRIMAVERA MEDICAL
REHABILITATION, PLLC, COMPETENT MEDICAL
REHABILITATION, PLLC, TRASTEVERE MEDICAL
REHABILITATION, LLC, DR. NATALIA GUREVICH
MEDICAL, P.C., MAIN DIAGNOSTIC MEDICAL, P.C.,
SHARP IMAGING RADIOLOGY, P.C., SHARP
RADIOLOGY, P.C., RAPID SCAN RADIOLOGY, P.C.,
SNOOP RADIOLOGY IMAGING, PC.C, NATALIA
GUREVICH, M.D., ROBERT DAVID SOLOMON, M.D.,
CHARLES LEO COOPER, M.D., and MATTHEW
ABRAMOWITZ,

      Defendants.
------------------------------------------------------------X

**ORDER**
10-CV-5286 (SJF) (ETB)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N Y

★   JUN 1 0 2011   ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

On November 16, 2010, plaintiff Allstate Insurance Company and related entities ("plaintiff" or "Allstate") commenced this action against Charles Leo Cooper M.D. ("defendant" or "Cooper"), *inter alia*, claiming that defendant violated 18 U.S.C. § 1962 ("section 1962") and New York General Business Law § 349, *inter alia*, by conspiring with co-defendant Arthur Bogoraz ("Bogoraz") and defrauding plaintiff. On March 22, 2011, defendant moved to dismiss the

1

complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth herein, defendant's motion is granted only insofar as the claim pursuant to N.Y. General Business Law § 349 is dismissed and is otherwise denied.

I.  Background

Section 1962(c) states:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). It is also unlawful to "conspire to violate" section 1962(c). 18 U.S.C. § 1962(d). N.Y. General Business Law § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service" in New York State. N.Y. Gen. Bus. § 349(a).

Plaintiff's claims are based upon the allegations that Bogoraz, an attorney, and defendant conspired to obtain benefits from Allstate in violation of New York State's "No-Fault Laws." N.Y. Ins. Law § 5101, *et. seq.*; 11 N.Y.C.R.R. § 65, *et. seq.* Pursuant to these statutes, Allstate is required to provide "Personal Injury Protection Benefits ("no-fault benefits") to claimants and to treating physicians or medical professional service corporate providers to whom claimants have assigned their no-fault benefits. *See* compl. ¶ 81. A New York professional service corporation may only issue shares to

> individuals who are authorized by law to practice . . . a profession which such

2

corporation is authorized to practice and who are or have been engaged in the practice of such profession in such corporation or a predecessor entity, or who will engage in the practice of such profession in such corporation within thirty [30] days of the date such shares are issued.

N.Y. Bus. Corp. § 1507. Only a professionally licensed individual may be a director or officer of the professional services corporation. *Id.* § 1508. Sharp Radiology was a medical professional service corporation, compl. ¶ 61, and therefore only physicians may share in its ownership. See Mallela, 4 N.Y.3d at 319. Plaintiff alleges that defendant's company applied for and received no-fault reimbursement benefits but was ineligible a fraudulently incorporated medical professional service corporation. *Id.* ¶¶ 79-111.

Defendant, a doctor licensed to practice medicine in New York state, owned Charles Leo Cooper, M.D., P.C., a New York medical professional service corporation. *Id.* ¶¶ 18, 131. On or about March 18, 2008, Bogoraz, "or someone acting at Bogoraz's direction," filed paperwork with the New York Department of State seeking to change the name of defendant's company to Sharp Radiology, P.C. ("Sharp Radiology"). *Id.* ¶ 133. Following the change of name, Cooper did not control the business conducted as Sharp Radiology, and Bogoraz had exclusive decision making authority. *Id.* ¶¶ 134-38. Plaintiff claims that, although Cooper did not authorize Bogoraz to institute collection actions for no-fault benefits due for services performed by Sharp Radiology, maintain its corporate records, select, direct or control the handling of its business affairs, or hire or supervise any employees, defendant "purported to be the sole owner, officer, and shareholder of Sharp Radiology" in violation of N.Y. Bus. Corp. §§ 1507 and 1508. *Id.* ¶¶ 60-63, 134-38.

Plaintiff alleges that Bogoraz and Cooper entered into an agreement pursuant to which Bogoraz "agreed to supply patients and provided medical billing services to Sharp Radiology" and

Bogoraz and defendant would share the no-fault benefits collected from insurers. *Id.* ¶ 183-84. Bogoraz exercised "dominion and control" over Sharp Radiology during the relevant period of this action. *Id.* ¶ 181. Plaintiff attaches Bogoraz's affidavit to the complaint in support of these allegations. *Id.* at Exhibit 4.

Plaintiff alleges that Cooper's conduct violated 18 U.S.C. §§ 1962(c), 1962(d), N.Y. Gen. Bus. § 349 and asserts claims of fraud and unjust enrichment.

II. Discussion

    A. Legal Standard

        1. Rule 12(b)(6) Motion to Dismiss

In deciding a motion to dismiss, the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002)). However, this standard "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950.

In determining a motion to dismiss pursuant to Rule 12(b)(6), the Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may

be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers, 282 F.3d at 152-53.

2. Pleading Standard

Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)). The standard of review on a motion made pursuant to Rule 12(b)(6) and Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 547. A complaint must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). See also Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008). However, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 129 S. Ct. at 1949 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555. The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Iqbal,129 S. Ct. at 1949.

5

Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Speculative and conclusory allegations of intent are insufficient. Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 187 (2d Cir. 2004). Although Rule 9(b) does not require a plaintiff to plead intent under its heightened pleading standard, all pleadings must comply with the requirements of Rule 8. Iqbal, 129 S. Ct. at 1954.

B. Analysis

1. Allegations of Underlying Fraud

New York requires no-fault insurance carriers to reimburse patients for "basic economic loss." Insurance Law § 5102, *et. seq.* Patients covered by no-fault insurance may assign their claims to their health care providers rather than seek reimbursement from insurance carriers directly. *See* N.Y. Comp. Codes R. & Regs. tit. 11, § 65-3.11. On April 4, 2002, the Superintendent of Insurance interpreted the law to exclude payments made to unlicensed or fraudulently licensed providers from the meaning of "basic economic loss," rendering these corporations ineligible for reimbursement. *See* N.Y. Comp. Codes R. & Regs. tit. 11, § 65-3.16 (a)(12). Payment of no-fault benefits made to a fraudulently incorporated medical service corporation made after April 4, 2002 may be withheld and/or recovered under theories of fraud and unjust enrichment. See State Farm Mut. Auto. Ins. Co. v. Robert Mallela, 4 N.Y.3d 313, 827 N.E.2d 758, 794 N.Y.S.2d 700 (N.Y. 2005); see also Metroscan Imaging, P.C. v. Geico Ins. Co., 13 Misc.3d 35, 823 N.Y.S.2d 818, 819 (N.Y. App. Term

6

2006); State Farm Mut. Auto. Ins. Co. v. Grafman, 655 F.Supp.2d 212, 221 (E.D.N.Y. 2009).

Plaintiff alleges that Sharp Radiology did not comply with the legal requirements of a medical professional service corporation based upon Bogoraz's non-physician status and ownership interest, and that defendant and Bogoraz held out Sharp Radiology as a legitimately incorporated medical professional service corporation in order to obtain no-fault benefits that they would otherwise be precluded from recovering.

### 2. Fraud

Pursuant to New York law, a claim of fraud must allege five elements: (1) a material misrepresentation; (2) made by a defendant knowing that it was false when made; (3) with the intent to defraud; (4) upon which plaintiff reasonably relies; and (5) which causes plaintiff injury. See Wynn v. AC Rochester, 273 F.3d 153, 156 (2d Cir. 2001) (citing Lama Holding Co. v. Smith Barney, Inc., 668 N.E.2d 1370 (N.Y. 1996)).

Plaintiff alleges that defendant made "material misrepresentations of fact that [he was] entitled to collect no-fault benefits under New York law," as the sole owner, officer and shareholder of Sharp Radiology, which was actually owned and controlled by Bogoraz. Compl. ¶¶ 23, 62, 434. These misrepresentations of fact were made to plaintiff in "NF-3 [request for reimbursement] forms, medical reports, invoices, and collection documents." Id. ¶ 435. These misrepresentations "were known to be false and were made for the purposes of inducing Allstate to make payments for claims. . . ." Id. ¶ 438. Plaintiff relied upon this information when it paid no-fault benefits to Sharp Radiology which Sharp Radiology was not entitled to receive. Id. ¶¶ 438-40. These allegations are

supported by the affidavit of Bogoraz, which states that Bogoraz and defendant made an agreement to share the proceeds of the no-fault benefits, despite the fact that Bogoraz "was in effect the true owner of the professional medical corporation. *See* Bogoraz Affidavit, compl., at Exhibit 4 ¶¶ 15, 16.

Although the circumstances constituting fraud must be plead with particularity, "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). General and conclusory allegations of a defendant's intent are not sufficient as a plaintiff must "specifically plead those events which give rise to a strong inference that the defendants had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth." Connecticut Nat. Bank v. Fluor Corp., 808 F.2d 957, 962 (2d Cir. 1987) (citations omitted); Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 578-79 (2d Cir. 2005); Wight v. BankAmerica Corp., 219 F.3d 79, 91-92 (2d Cir. 2000). Defendant argues that plaintiff has failed meet a heightened standard for pleading fraudulent intent.

Plaintiff's complaint alleges the underlying time, place and content of the facts upon which the fraud claim is based with particularity. Moreover, the complaint raises a strong inference of fraudulent intent by alleging facts that support a motive to deceive and access to accurate information, and thus meet the pleading standard for intent in Rule 9(b). See Cohen v. Koenig, 25 F.3d 1168, 1173-74 (2d Cir. 1994); see also Aniero Concrete, 404 F.3d at 579; Wight, 219 F.3d at 92.

3. RICO Claims

To state a claim for damages under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), codified at 18 U.S.C. § 1961, *et. seq.*, plaintiff must allege that the defendant participated in an enterprise which engaged in a pattern of racketeering activity, through the commission of two or more acts, the activities of which affected interstate commerce. 18 U.S.C. § 1962(c); Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc., 187 F.3d 229, 242 (2d Cir. 1999); Moss v. Morgan Stanley Inc., 719 F.2d 5, 17 (2d Cir. 1983).

Conduct constituting "racketeering activity" is listed in 18 U.S.C. § 1961(1), and includes mail fraud, 18 U.S.C. § 1341, and money laundering, 18 U.S.C.§ 1956. *See* compl. ¶¶ 362-63. The elements of mail fraud are "(1) use of the mails to further (2) a scheme to defraud with (3) money or property as the object of the scheme." Porcelli v. United States, 404 F.3d 157, 162 (2d Cir. 2005) (citing United States v. Gole, 158 F.3d 166, 167 (2d Cir. 1998). The elements of a "scheme to defraud" are "[1] the existence of a scheme to defraud, [2] the requisite scienter (or fraudulent intent) on the part of the defendant, and [3] the materiality of the misrepresentations" United States v. Autuori, 212 F.3d 105, 115 (2d Cir. 2000) (internal citations omitted). To successfully plead a mail fraud claim, "the circumstances constituting the alleged fraud must be pled with particularity." Fed. R. Civ. P. 9(b); Fresh Meadow Food Services, LLC v. RB 175 Corp., 282 F. App'x. 94, 97 (2d Cir. 2008). These elements are satisfied by plaintiff's allegations that: defendant entered into an agreement to share the no-fault benefits earned by the professional services corporation with Bogoraz, an attorney, compl. ¶¶ 182-58; defendant "intentionally caused to be prepared and mailed false medical documentation in connection with Allstate insurance claims.," *id.* ¶ 354; the mailings

sought and received payment of no-fault benefits as a licensed professional services corporation, *id.* ¶¶ 355-58; and defendant intentionally misrepresented that Sharp Radiology was legally incorporated as a medical professional services corporation. *Id.* ¶ 215. The factual allegations adequately demonstrate defendant had motive and opportunity to commit the fraud and create a reasonable inference of the requisite intent.

A defendant has laundered money in violation of 18 U.S.C.§ 1956, in pertinent part when he conducts a financial transaction with the proceeds of a known unlawful activity with the intent to "promote the carrying on of specified unlawful activity" or to conceal the nature, location, source, ownership or control of the proceeds of the activity. 18 U.S.C.§ 1956(a)(1). The allegations, if true, demonstrate that defendant knowingly held himself out as the owner of the corporation to recover no-fault benefits, that he was not entitled to those benefits, and that by holding himself out as the sole owner, he concealed Bogoraz's ownership of the corporation. Plaintiff has also adequately alleged that these racketeering activities were ongoing, constituting two (2) or more submissions for no-fault benefits. *See* compl., at Exhibit 14.

An "enterprise" is "a group of persons associated together for a common purpose of engaging in a course of conduct," the existence of which is proven "by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." First Capital Asset Management, Inc. v. Satinwood, Inc., 385 F.3d 159, 173 (2d Cir. 2004) (citing United States v. Turkette, 452 U.S. 576, 583, 101 S. Ct. 2524, 69 L. Ed.2d 246 (1981). The description of Sharp Radiology's corporate structure and the agreement to share the no-fault benefits received by Sharp Radiology between defendant and Bogoraz, if true, constitute an enterprise.

The Second Circuit also requires a connection between the racketeering activity and the

enterprise. See United States v. Indelicato, 865 F.2d 1370, 1384 (2d Cir. 1989). This requirement is met as the alleged scheme to unlawfully recover no-fault benefits depends upon the agreement between defendant and Bogoraz.

Defendant's agreement to share the no-fault benefits obtained from Allstate with Bogoraz and the facts alleged to support the predicate acts of the racketeering activity are sufficient to state a RICO claim pursuant to 18 U.S.C. § 1962(d). See Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1346 n.4 (2d Cir. 1994) ("a § 1962(d) violation requires only an agreement to commit the requisite predicate acts, followed by the commission of a predicate act that proximately causes injury to the plaintiff"); Lutin v. New Jersey Steel Corp., 122 F.3d 1056, 1997 WL 447005 (Table), at *9 (2d Cir. 1997).

For the foregoing reasons, plaintiff has sufficiently alleged its claims pursuant to 18 U.S.C. § 1962.

### 4. Unjust Enrichment

"To prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." Beth Israel Med. Ctr. v. Horizon Blue Cross and Blue Shield of New Jersey, Inc., 448 F.3d 573, 586 (2d Cir. 2006) (citing Kaye v. Grossman, 202 F.3d 611, 616 (2d Cir. 2000)). Unjust enrichment is a quasi-contractual claim which creates an obligation in law in the absence of any agreement. See Goldman v. Metropolitan Life Ins. Co., 5 N.Y.3d 561, 572, 841 N.E.2d 742 (N.Y. 2005). The factual allegations support the claim that defendants benefitted at plaintiff's

expense by receiving no-fault benefits to which they were not legally entitled.

     5.     NY General Business Law § 349

"[D]eceptive acts or practices" are prohibited in the conduct of any business or furnishing of services in New York State. N.Y. Gen. Bus. § 349(a). "[A]ny person" may bring an action to recover actual damages pursuant to section 349. *Id.* § 349(h). As a threshold matter, a plaintiff must allege "conduct of the defendant that is consumer-oriented." Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, 85 N.Y.2d 20, 25, 623 N.Y.S.2d 529, 647 N.E.2d 741 (N.Y. 1995). In contrast to a private contract dispute, a plaintiff must allege facts that demonstrate that acts of defendant have a "broader impact on consumers at large." Id.; New York University v. Continental Ins. Co., 87 N.Y.2d 308, 320-21, 662 N.E.2d 763, 639 N.Y.S.2d 283 (N.Y. 1995). Although the scheme alleged by plaintiff does not describe a situation unique to plaintiff, private in nature or a "single-shot transaction," see Oswego, 85 N.Y.2d at 26-27, it is unclear how defendant's deceptive acts have had a broad impact on consumers at large. One of the purposes of the statute is to protect "an honest market place where trust prevails between buyer and seller." Oswego, 85 N.Y.2d at 25 (citing Governor's Approval Mem, L 1970, ch 43, 1970 NY Legis Ann, at 472; 1970 McKinney's Session Laws of NY, at 3074). Neither party is a consumer of goods or services of the other. Moreover, as Allstate is legally bound to pay legitimate claims for no-fault benefits, these services are not freely negotiable on the open market. Although plaintiff has adequately alleged fraud and unjust enrichment as discussed above, they have not shown how the facts alleged have a broader impact on consumers at large, and therefore has not met the threshold requirement to state a claim

pursuant to Gen. Bus. § 349.

6.  Defendant's Intent

Defendant argues generally that plaintiff's complaint "pleads itself out of court" because the allegations, if true, demonstrate that defendant did not have dominion or control over Sharp Radiology. Memorandum in Support, at 7-11. Defendant cites to paragraphs in the complaint (¶¶ 134-38), which allege that defendant did not control, operate, manage or authorize collection actions on behalf of Sharp Radiology, *id.* at 10, that defendant's affidavit filed with the complaint stating that the change of corporate identity to Sharp Radiology was done without his permission, compl. Exhibit 2, ¶¶ 3-5, and argues that these allegations establish that defendant did not have intent to deceive or to participate in the alleged scheme. Defendant dismisses the allegation that defendant and Bogoraz had an agreement to share the no-fault benefits as a "legal conclusion" which is not entitled to deference. Reply Memorandum, at 2.

The allegation that defendant and Bogoraz had an agreement to split the proceeds of the no-fault benefits is supported by Bogoraz's affidavit and must be considered true at this stage of the proceedings. A Rule 12(b)(6) motion to dismiss is not the appropriate method by which to challenge the veracity of plaintiff's factual allegations or evidence.

Defendant argues that his affidavit, attached to the complaint, demonstrates that he did not have an agreement with Bogoraz, and that therefore plaintiff has "plead itself out of court." Memorandum in Support at 7-8. Although a document incorporated by reference into the complaint may foreclose recovery if it reveals facts that demonstrate dismissal is appropriate, see Gant

Wallingford Bd. of Educ., 69 F.3d 669, 674 (2d Cir. 1995) (citing Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974)), the exculpatory affidavit of the defendant only raises, rather than resolves, the issue. See Gant, 69 F.3d at 675 (citing Rose v. Bartle, 871 F.2d 331, 340 n. 3 (3d Cir. 1989). Moreover, Defendant's argument that the allegations of his failure to operate, manage or control Sharp Radiology mandates dismissal unavailing. These allegations are foundational to plaintiff's case; as a medical professional, had defendant been the sole owner, operator and manager as he represented himself to be, there would be no fraud and he would have been entitled to receive no-fault benefits. Contrary to defendant's argument, his lack of ownership and control of the medical professional services corporation, taken with the alleged agreement to share in the profits with Bogoraz, fulfils the burden of pleading set forth in Rule 9(b). See State Farm Mut. Auto. Ins. Co. v. Grafman, 655 F.Supp.2d 212 (E.D.N.Y. 2009); Allstate Ins. Co. v. Valley Physical Med. & Rehab., P.C., 555 F.Supp.2d 335 (E.D.N.Y. 2008); State Farm Mut. Auto. Ins. Co. v. Robert Mallela, 4 N.Y.3d 313, 827 N.E.2d 758, 794 N.Y.S.2d 700 (N.Y. 2005). Defendant does not identify other factual pleadings that, if true, would foreclose plaintiff's recovery.

III. Conclusion

Based upon the foregoing, defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted only insofar as the claim pursuant to N.Y.

Gen. Bus. § 349 is dismissed. Defendant's motion is otherwise denied.

**SO ORDERED.**

_____
Sandra J. Feuerstein
United States District Judge

Dated: June 10, 2011
Central Islip, New York