D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ALLSTATE INSURANCE COMPANY, ALLSTATE
INDEMNITY COMPANY, ALLSTATE PROPERTY
& CASUALTY INSURANCE COMPANY,
ALLSTATE NEW JERSEY INSURANCE COMPANY,
and DEERBROOK INSURANCE COMPANY,

      Plaintiffs,

    -against-

ARTHUR BOGORAZ, AVIYON MEDICAL
REHABILITATION, LLC, PRIMAVERA MEDICAL
REHABILITATION, PLLC, COMPETENT MEDICAL
REHABILITATION, PLLC, TRASTEVERE MEDICAL
REHABILITATION, LLC, and MATTHEW
ABRAMOWITZ,

      Defendants.
----------------------------------------------------------X

**ORDER**
10-CV-5286 (SJF)(ETB)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ MAY 09 2012 ★
LONG ISLAND OFFICE

FEUERSTEIN, J.

On November 16, 2010, plaintiff Allstate Insurance Company and related entities ("plaintiff" or "Allstate") commenced this action, alleging, inter alia, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c)-(d), violations of New York General Business Law § 349, common law fraud, and unjust enrichment. Complaint ("Compl.") [Docket Entry No. 1]. In brief, plaintiff alleges that the defendants conspired for the purpose of "defraud[ing] Allstate through the commission of a medical billing fraud scheme . . . ." Id. at ¶ 1. Allstate claims that the defendant medical doctors falsely represented themselves to be the owners of the defendant professional service entities (the "PC Defendants"), even though these entities were actually controlled by defendant Arthur Bogoraz ("Bogoraz"), a "non-licensed

1

layperson." Id. at ¶¶ 19-63. The complaint alleges that these arrangements amounted to a "doc-in-the-box scheme" and violated New York Business Corporation Law § 1508. Id. at ¶¶ 19-63, 168-185. Defendant Matthew Abramowitz ("Abramowitz") is alleged to have been Bogoraz's attorney, employed in "the collection of No-Fault benefit payments from Allstate on behalf of the PC Defendants," even though he "was not authorized to represent these entities in any capacity" and even though "the PC Defendants were fraudulently incorporated, and therefore, ineligible to pursue or collect[] No-Fault benefits." Id. at ¶¶ 65-67, 458-468. Allstate alleges actual damages of $2,966,859.59[1] and seeks a declaration that defendants have no right to receive payment for unpaid bills. Id. at ¶ 2.

On February 23, 2011, the Clerk of Court entered certificates of default pursuant to Federal Rule of Civil Procedure 55(a) with respect to defendants Abramowitz, Bogoraz, Aviyon Medical Rehabilitation, LLC, Primavera Medical Rehabilitation, PLLC, Trastevere Medical Rehabilitation, LLC, Competent Medical Rehabilitation, PLLC, and Sharp Radiology, P.C. [Docket Entry Nos. 66-72].[2] On April 6, 2012, plaintiff moved for entry of default judgment against many of those defendants. [Docket Entry Nos. 115-124].

Presently before the Court is Abramowitz's motion seeking an order vacating the entry of

---

[1] Pursuant to 18 U.S.C. § 1964(c), a prevailing civil RICO plaintiff "shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee . . . ." As a result, Allstate seeks default judgments in the amount of $8,900,578.77.

[2] On April 14, 2011, plaintiff stipulated to discontinue this action with prejudice as to defendants Natalia Gurevich, M.D., Dr. Natalia Gurevich Medical, P.C., and Main Diagnostic Medical, P.C. [Docket Entry No. 81]. On June 21, 2011, plaintiff stipulated to discontinue this action with prejudice as to defendants Robert David Solomon, M.D., Sharp Imaging Radiology, P.C., Rapid Scan Radiology, P.C., and Snoop Radiology Imaging, P.C. [Docket Entry No. 94]. On March 30, 2012, plaintiff stipulated to discontinue this action with prejudice as to defendant Charles Leo Cooper, M.D. ("Cooper"). [Docket Entry No. 112].

2

default against him. [Docket Entry No. 110]. For the reasons that follow, the motion is denied.

I.  Background

Allstate commenced this action by filing its complaint on November 16, 2010. According to an affidavit of service, Abramowitz was served with the complaint less than a week later, on November 22, 2010. [Docket Entry No. 8]. In an order dated November 17, 2010, the Court directed that the defendants show cause why the Court should not enter an order permitting the attachment of certain real and personal property and the garnishment of certain assets. The order scheduled a show cause hearing for December 9, 2010, and defendants were directed to serve their responsive papers, if any, by December 2, 2010 at five o'clock in the afternoon (5:00 p.m.). [Docket Entry No. 3].

Abramowitz did not serve or file an answer to the complaint. Although he apparently served an "affidavit in opposition" to the order to show cause on December 1, 2010, this document was not filed with the Court. Abramowitz's attorney explains that his client made an attempt to file the affidavit, but that it was "initially rejected by the Clerk's office to be electronically filed." Attorney Affirmation in Support of Motion to Vacate ("Attorney Aff.") [Docket Entry No. 110-1] at ¶ 3. Abramowitz claims that he intended for this document to serve as both his opposition to the order to show cause *and* his answer to the complaint. Id. at ¶ 8.

On December 9, 2010, Abramowitz appeared for the show cause hearing. [Docket Entry No. 45]. The Court explicitly instructed all defendants that their answers or motions to dismiss were to be filed and served no later than February 15, 2011. Id. The Court also scheduled a status conference for April 13, 2011. Id. Abramowitz failed to file or serve an answer by

3

February 15, 2011, and on February 22, 2011, plaintiff sought entry of default against him pursuant to Federal Rule of Civil Procedure 55(a). [Docket Entry No. 53]. Although plaintiff's application was served upon Abramowitz, [Docket Entry No. 53 at 2], there is no evidence that Abramowitz ever opposed or responded to it. The Clerk of Court entered a certificate of default on February 23, 2011 and mailed copies to all parties that same day. [Docket Entry No. 67]. Abramowitz once again failed to file any response. On April 13, 2011, the Court held its scheduled status conference, but Abramowitz failed to appear. [Docket Entry No. 80].

In the following months, Allstate reached settlements with several defendants, and defendant Cooper moved to dismiss. Allstate's case against Cooper proceeded to discovery, and the Court scheduled a pretrial conference for April 2, 2012. [Docket Entry No. 93].

On or about July 18, 2011, Abramowitz filed a petition in the United States Bankruptcy Court for the Southern District of New York, seeking discharge of his debts pursuant to Chapter 7 of the Bankruptcy Code. Attorney Aff. at ¶ 11. On or about October 24, 2011, Allstate brought an adversary proceeding seeking an exception for Abramowitz's debt from the Bankruptcy Court. Id. On November 9, 2011, Abramowitz opposed the exception, asserting that the entry of default in this action "was not [his] fault," and explained that the Clerk's Office had rejected his "opposition papers" because they were not "electronically filed as required." Id. at ¶ 12; Ex. E [Docket Entry No. 110-6] at ¶ 3 (emphasis in original). Abramowitz further stated that he was "unfamiliar with the court's procedures" and that he was "never notified" of the default. Ex. E at ¶ 3.

On February 19, 2012, close to one (1) year after the entry of default against him, counsel appeared on Abramowitz's behalf and filed the instant motion to vacate Abramowitz's default.

4

Plaintiff opposes the motion.

II. Discussion

A. Legal Standard

Federal Rule of Civil Procedure 55 provides for a "two-step process for obtaining a default judgment." New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005). First, "[w]hen a party against whom affirmative relief is sought has failed to plead or otherwise defend, a plaintiff may bring that fact to the court's attention, and Rule 55(a) empowers the clerk of the court to enter a default against a party that has not appeared or defended." Id. Second, "[h]aving obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b)." Id.

Allstate has taken the first step against Abramowitz, and the Clerk of Court entered a default on February 23, 2011. [Docket Entry No. 67]. However, since a default judgment against Abramowitz has not been entered, this motion is properly considered under Rule 55(c), not Rule 60(b). See Home Loan Inv. Bank, F.S.B. v. Goodness and Mercy, Inc., No. 10-CV-4677, 2011 WL 1701795, at *3 (E.D.N.Y. Apr. 30, 2011) ("Where, as here, there has been an entry of default by the Clerk of the Court, but no default judgment, the Court decides the motion to vacate the entry of default pursuant to Rule 55(c), which is more lenient than the standard to set aside a default judgment under Rule 60(b).").

Rule 55(c) permits a district court to set aside an entry of default for "good cause." "In determining whether to set aside a party's default, the district court should consider principally '(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented.'" Powerserve Intern., Inc. v. Lavi,

5

239 F.3d 508, 514 (2d Cir. 2001) (quoting Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993)). "Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." Enron Oil Corp., 10 F.3d at 96. "The same factors are applied in the context of a Rule 60(b) motion to set aside a default judgment, although they are applied more rigorously, and the district court must resolve any doubts in the defaulting party's favor." Peterson v. Syracuse Police Dept., No. 10-cv-5308, 2012 WL 858576, at *1 (2d Cir. Mar. 15, 2012) (citing Enron Oil Corp., 10 F.3d at 96).

B.  Analysis

1.  Willfulness

The Court must first analyze the question of whether Abramowitz's default was "willful." The Second Circuit has interpreted "willfulness," in the context of a default, as conduct that is more than merely negligent or careless. S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998). However, "the degree of negligence in precipitating a default is a relevant factor to be considered . . . ." American Alliance Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996). "[T]he court may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." McNulty, 137 F.3d at 738.

Abramowitz implies that he was unaware of any requirement that he file and serve an answer to the complaint. See Attorney Aff. at ¶¶ 8-9. Given Abramowitz's legal training and

experience as an attorney,[3] this claim is not credible. In any event, the Court explicitly ordered him to "file[] and serve[]" his answer or motion to dismiss "no later than 2/15/11." [Docket Entry No. 45]. Nevertheless, he failed to file or serve an answer. Abramowitz was also informed by the Court Clerk's office that his affidavit had not been filed because he had failed to comply with filing rules. Again, however, he failed to correct the deficiency. These circumstances indicate that the default was willful. See generally Marziliano v. Heckler, 728 F.2d 151, 156 (2d Cir. 1984) (finding willfulness when counsel failed to file stipulation extending time to oppose motion).

Abramowitz has been aware of this case since he was served with the complaint on November 22, 2010, but has taken virtually no steps to defend himself against the action. He failed to file or serve an answer to the complaint, failed to oppose the entry of default, failed to appear at court conferences, failed to monitor the progress of this case, and failed to take any other action until filing the instant motion to vacate in February 2012. Although a "typical Rule 55 case" is one in which "a defendant failed to file a timely answer," a district court may also enter a default against a defendant who fails to "otherwise defend." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 129 (2d Cir. 2011) (citations omitted); see also Fed. R. Civ. P. 55(a). The Second Circuit has "embraced a broad understanding of the phrase 'otherwise defend,'" as it is used in Rule 55(a). Id. (affirming default when defendants "cease[d] participating in [their] own defense"); see also Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1310 (2d Cir. 1991) (affirming default when "court was confronted by a recalcitrant party

---

[3] The Court's research reveals that Abramowitz is a former attorney who was admitted to the New York bar in 1984. He resigned from the bar in 2010.

who failed to comply with its order to obtain counsel"); Brock v. Unique Racquetball & Health Clubs, Inc., 786 F.2d 61, 63-65 (2d Cir. 1986) (affirming default when counsel failed to appear for trial). In this case, Abramowitz both failed to file a timely answer *and* failed to "otherwise defend." The Court can only assume that Abramowitz's utter failure to defend over the course of more than one (1) year was willful.

Abramowitz further argues that he received no notice of the default proceedings against him. This is contradicted by plaintiff's counsel's certificate of service dated February 22, 2011, which states that Abramowitz was served with the motion for entry of a certificate of default [Docket Entry No. 53], as well as the records of the Court Clerk's office, which indicate that Abramowitz was served with a copy of the certificate of default on February 23, 2011 [Docket Entry No. 67]. Even if the Court credits his claim that he did not receive notice of the default, he certainly was aware of it by November 9, 2011, when he made reference to the default in a Bankruptcy Court filing. See Attorney Aff. at ¶ 12. Still, he delayed more than three (3) more months before seeking to vacate the entry of default.[4] This inexplicable delay is unreasonable, and further supports the Court's finding that Abramowitz's default was willful. See Dow Chemical Pacific, Ltd. v. Rascator Maritime S.A., 782 F.2d 329, 336 (2d Cir. 1986) (finding it "plain that [a defaulting party's motion to set aside a default] must be made within a reasonable time . . .").

Abramowitz's conduct has been egregiously negligent. Although Abramowitz's attorney characterizes his client's failures as "procedural oversights" and emphasizes the fact that he had

---

[4] Abramowitz initially filed this motion to vacate on February 19, 2012, although the motion was denied without prejudice for failure to comply with this Court's rules. The motion was re-filed on March 23, 2012.

been acting pro se, this is not a "satisfactory explanation" of his inaction. Particularly in light of Abramowitz's status as a former attorney, the Court rejects any argument that his conduct should be excused because he was "unfamiliar with the court's procedures." See McNulty, 137 F.3d at 738-39.

2. Meritorious Defense

Abramowitz further argues that he has a "meritorious defense" to the claims against him. Attorney Aff. at ¶¶ 23-24. "To satisfy the criterion of a meritorious defense, the defense need not be ultimately persuasive at this stage. A defense is meritorious if it is good at law so as to give the factfinder some determination to make." Am. Alliance Ins. Co., 92 F.3d at 61 (internal quotations and citations omitted). However, a movant "must present more than conclusory denials when attempting to show the existence of a meritorious defense." Pecarksy v. Galaxiworld.com, Ltd., 249 F.3d 167, 173 (2d Cir. 2001); see also Sony Corp. v. Elm Street Electronics, Inc., 800 F.2d 317, 320 (2d Cir. 1986) ("mere conclusory statements" do not demonstrate meritorious defense). "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." Enron Oil Corp., 10 F.3d at 98 (citing cases).

Allstate alleges that Abramowitz was not authorized to pursue the no-fault collection actions at issue both because the owners of these entities did not authorize him to do so and because the PC Defendants had been fraudulently incorporated. See Compl. at ¶ 460; Plaintiff's Exhibit 2 [Docket No. 1-6] at ¶ 6; Plaintiff's Exhibit 3 [Docket No. 1-7] at ¶¶ 29-31. According to Allstate, Abramowitz was employed as counsel for Bogoraz, and the two shared office space, a

9

telephone number, and office personnel. Compl. at ¶¶ 65-67, 191-193. With respect to Abramowitz, the complaint alleges violations of 18 U.S.C. § 1962(d), violations of General Business Law § 349, common law fraud, and unjust enrichment. Id. at ¶¶ 429-468.

In this motion to vacate, Abramowitz issues a blanket denial that he knew of any illegal activity. His attorney states that Abramowitz "has consistently (and adamantly) maintained that at all pertinent times his impression was that he was handling legitimate No-Fault Claims." Attorney Aff. at ¶ 23. Again, however, such conclusory denials are insufficient to demonstrate a meritorious defense to the claims against him. See State Farm Mut. Ins. Co. v. Cohan, No. 09-CV-2990, 2010 WL 890975, at *4 (E.D.N.Y. Mar. 8, 2010), aff'd, 409 Fed. Appx. 453 (2d Cir. Feb. 8, 2011) ("But simply saying 'I didn't do it,' is not a meritorious defense.") (citation omitted). It is the movant's burden to demonstrate the existence of a complete defense, which Abramowitz has not done.

### 3. Prejudice

Finally, the Court considers the prejudice plaintiff would suffer if the default were to be vacated. A strong showing of prejudice is not necessary where the defendant's default is willful and the defendant has failed to identify a meritorious defense. See Commercial Bank of Kuwait v. Rafidain Bank, 15 F.3d 238, 244 (2d Cir. 1994).

The Court finds that setting aside the entry of default at this stage would prejudice Allstate. Abramowitz was served with the complaint close to eighteen (18) months ago, and default was entered against him approximately one (1) year before he filed the instant motion. Allstate has reached settlements with several of the defendants, and has moved for default

judgment against the others. This case is now approaching its conclusion. Given the amount of time that has passed and the "considerable" resources Allstate claims it has expended in litigating this action, vacating the default would be inappropriate. See State Farm, 2010 WL 890975, at *4 (finding movant's approximate seven (7)-month delay to have prejudiced plaintiff).

\*   \*   \*

The Court has carefully considered the facts and circumstances of this case, and finds that the motion to vacate the entry of default should be denied. Although the Court has an interest in resolving cases on their merits, that must be balanced against its "interest in maintaining 'an orderly, efficient judicial system' in which default is a useful weapon 'for enforcing compliance with the rules of procedure.'" Sony Corp. v. Elm Street Electronics, Inc., 800 F.2d 317, 320 (2d Cir. 1986) (quoting 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure Civil 2d § 2693 at 478).

III.  Conclusion

For the foregoing reasons, Abramowitz's motion to vacate the entry of default is denied.
**SO ORDERED.**

s/ Sandra J. Feuerstein
--------------------------------
Sandra J. Feuerstein
United States District Judge

Dated:   May 9, 2012
         Central Islip, New York